IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,          *

                                   *

vs.                                *

                                   *       CASE NO. 4:09-CR-32 (CDL)

ROBERT WOODS,                      *

                                   *

        Defendant.

_____        *

<u>O R D E R</u>

Presently pending before the Court are Defendant's two motions for sentence reduction pursuant to the First Step Act of 2018. One motion seeks a reduction pursuant to 18 U.S.C. §3582(c)(1)(B) based on a guideline sentencing range that has subsequently been lowered and made retroactive by the First Step Act of 2018 (ECF Nos. 124 & 132). The second motion seeks a reduction in sentence based upon compassionate release (ECF No. 129).

As to Defendant's motion for compassionate release, the Magistrate Judge issued a Report and Recommendation on October 21, 2021 recommending that the motion be denied. There appears to have been no objection to this Recommendation as permitted by 28 U.S.C. § 636(b)(1). Therefore, the Court reviews the Recommendation for clear error. Finding no clear error, the Court adopts the Recommendation of the Magistrate Judge and makes it the order of this Court. The Court notes that even based upon a de novo review,

the Magistrate Judge's thorough and well-reasoned recommendation would be adopted.  Defendant's motion for compassionate release (ECF No. 129) is denied.

As to Defendant's motion for sentence reduction based on a change in the guidelines (ECF Nos. 124 & 132), the Court also denies that motion as explained in the remainder of this order. Defendant was originally sentenced on February 10, 2011 to 262 months imprisonment to be served consecutively to a five-year custody sentence imposed for violation of supervised release in case 4:97-CR-16-003, for criminal conduct that took place in 2008. His offense is a "covered offense" as described at Section 404(a) of the Fair Sentencing Act.  Defendant, however, was sentenced after the Fair Sentencing Act of 2010, and he has already received the benefit of the Act.  Defendant stipulated to Possessing With Intent to Distribute 285.26 grams of cocaine base.  That drug amount required a mandatory minimum sentence of 10 years to Life imprisonment followed by at least five years supervised release. If the current Guidelines manual is used to calculate his sentencing range, he is still subject to a mandatory minimum sentence of 10 years to Life. Because Defendant is a Career Offender, his sentencing range is determined pursuant to USSG § 4B1.1.  Because his sentence subjects him to a maximum possible penalty of life, his Career Offender offense level remains 37, as previously calculated.  With a three-level reduction for

acceptance of responsibility, his total offense level was calculated to be 34 and would remain at that level.  An offense level 34 with a criminal history category VI yields a sentencing range of 262-327 months.  Woods's previous sentence is the lowest possible sentence in that range.  After considering the motion for sentence reduction, the Court finds that the previous sentence remains appropriate in light of the sentencing factors found at 18 U.S.C. § 3553(a).

Defendant's motions for sentence reduction (ECF Nos. 124, 129 & 132) are denied.

IT IS SO ORDERED, this 17th day of November, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA