```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

UNITED STATES OF AMERICA,      *
                               *
vs.                            *
                               *     CASE NO. 4:09-CR-32 (CDL)
ROBERT WOODS,                  *
                               *
     Defendant.                *

## O R D E R

The Court of Appeals, with the concurrence of the Government, has remanded this action based on its conclusion that "it is ambiguous" whether the district court understood that it had authority to reduce the Defendant's sentence pursuant to his motion under the First Step Act. *United States v. Woods,* No. 21-14273, 2023 WL 2249939, at *3 (11th Cir. Feb. 28, 2023), ECF No. 146. Of course, the Court understood it had the authority to make a downward variance to the statutory minimum of ten years imprisonment, and the Court is perplexed as to how its order led to any other conclusion.

The Defendant was sentenced on February 10, 2011, which was after the effective date of the Fair Sentencing Act of 2010. Therefore, as the Court noted in its order, the Defendant received the benefit of the Fair Sentencing Act of 2010 given that he was sentenced when that Act was effective. *United States v. Woods*,

No. 4:09-cr-32, 2021 WL 5371555, at *2 (M.D. Ga. Nov. 17, 2021), ECF No. 141. But in his case, the Fair Sentencing Act of 2010 provided no benefit to him. The Court further stated in its order that his *statutory* sentencing range was 10 years to life. *Id.* The statutory sentencing range is based on a stipulated drug amount of 285.26 grams of cocaine base. The First Step Act of 2018 did not change this statutory sentencing range. In fact, the First Step Act did not make any changes to Defendant's statutory sentencing range or advisory guidelines range given that the Defendant's sentence was not based upon any enhancements and was based on a stipulated drug amount of 285.26 grams of cocaine base. Thus, the First Step Act made no change in the guidelines range, the statutory sentencing range, or the fact that the Court could make a downward variance from the Guidelines Range of 262-327 months to the statutory minimum of 120 months, which was applicable when the Court first sentenced Defendant and at the time Defendant filed his motion for reduction of sentence pursuant to the First Step Act. As the Court explained, Defendant's previous sentence of 262 months, which was at the bottom of the Guidelines range, was the "lowest possible sentence in that range," clearly referencing the Guidelines range. *Id.* at *3. In denying the Defendant's motion for sentence reduction, the Court found that this sentence remained appropriate in light of the sentencing factors found at 18 U.S.C. § 3553(a). *Id.* In other words, it

found that a guidelines sentence was still appropriate. Perhaps the Court is missing something here, but it sees no ambiguity.[1]

The Defendant's motions for sentence reduction (ECF Nos. 124, 129 & 132) are again denied WITH THE COURT'S FULL UNDERSTANDING THAT IT HAS ALWAYS HAD THE AUTHORITY TO REDUCE THE DEFENDANT'S SENTENCE. Neither a sentencing hearing nor another presentence report is necessary under these circumstances.

IT IS SO ORDERED, this 16th day of May, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court finds unpersuasive Defendant's argument that he should only be held accountable for 50 grams of cocaine base. He stipulated to a greater amount, and he pled guilty to "possession with intent to distribute *more* than fifty (50) grams" of cocaine base. Plea Agreement 2, ECF No. 43.